**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KYLE A. SMOKE AND JENNIFER M. MCINTYRE, on Behalf of Themselves and Others Similarly Situated<br><br>Plaintiffs,<br><br>v.<br><br>CHRISTINE WORMUTH, in her official capacity as United States Secretary of the Army;<br>101 Army Pentagon<br>Washington, DC 20301-1000<br><br>Defendant. | Case No.: 1:24-cv-02919-ACR<br><br>CLASS ACTION |

**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL**

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the named plaintiffs in this action, Kyle A. Smoke and Jennifer M. McIntyre (collectively, "Plaintiffs"), respectfully move this Court for an order certifying their action against defendant Christine Wormuth, in her official capacity as United States Secretary of the Army ("Defendant"), as a class action and appointing class counsel.

The grounds for this motion are as follows:

1. Plaintiffs file this action, pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, on behalf of themselves and others similarly situated seeking final injunctive and declaratory relief. Complaint, ECF No. 1.

2. As more fully explained in the Complaint (ECF No. 1), Defendant, acting through the United States Army Physical Evaluation Board ("PEB"), has denied Plaintiffs and others

1

similarly situated the "combat-related" finding to which they are entitled due to Defendant's continued refusal to recognize burn pits as an instrumentality of war ("IOW").

3. Plaintiffs seek certification of a class of persons who:

    a. Were medically retired from the United States Army for an unfitting condition covered under the Sergeant First Class Heath Robinson Honoring our Promise to Address Comprehensive Toxics ("PACT") Act's burn pit presumptions ("PACT Act Conditions");

    b. Served in locations and during timeframes defined in 38 U.S.C. § 1119; and

    c. Received a final medical retirement decision dated after August 10, 2022 that found their unfitting PACT Act Condition was not "combat-related" under 26 U.S.C. § 104 despite their exposure to military burn pits and the PACT Act presumption that such exposure caused them to incur their unfitting disability.

4. The numerosity requirement of Fed. R. Civ. P. 23(a)(1) is satisfied because, upon information and belief, the members of the Class are so numerous as to make joinder impracticable.

5. The exact number of Class members is presently unknown and can only be ascertained through appropriate discovery. However, Plaintiffs assert as follows:

    a. The Department of Defense, Office of the Actuary issues a "Statistical Report on the Military Retirement System" for each fiscal year. This Statistical Report includes data on the number of medical retirees in a given year, broken down by branch of service. Fiscal Year 2022 (ending

        September 30, 2022) is the latest year for which data is publicly available.[1] In Fiscal Year 2022 there were 10,875 Army service members medically retired.[2]

b.     While the data for medical retiree numbers for FY 2023 and 2024 is not yet available publicly, it is a reasonable assumption that approximately 10,000 Army service members are medically retired each year. It therefore follows that it is a reasonable assumption that approximately 20,000 Army service members have received a final medical retirement decision dated after August 10, 2022 (and then have been medically retired) in the more than two years since August 10, 2022.

c.     The total number of servicemembers who have served in locations covered by the PACT Act burn pit presumptions is in the hundreds of thousands;

d.     It is a reasonable assumption that many of the Army servicemembers who have received a final medical retirement decision dated after August 10, 2022 (and then have been medically retired) served in locations covered by the PACT Act burn pit presumptions during their military careers;

e.     While Plaintiffs cannot know without discovery how many of the thousands of Army service members who were medically retired each year were retired for a PACT Act Condition, because the PEB has a policy of denying a combat-related finding for PACT Act Conditions as detailed in Plaintiffs'

---

[1] U.S. DEPT. OF DEFENSE, OFFICE OF THE ACTUARY, STATISTICAL REPORT ON THE MILITARY RETIREMENT SYSTEM, FISCAL YEAR ENDED SEPTEMBER 30, 2022 (Oct. 2023), *available at* https://actuary.defense.gov/Portals/15/Documents/Stat%20report/MRS%20StatRpt%202022%20v999.pdf?ver= ZrA15iy55WA_HjmB4sU8LA%3d%3d.

[2] *Id.* at 65 ("Military Retirees Retired During FY 2022 by Gender and Branch of Service").

        Complaint, it is likely that the number of the Army veterans retired for PACT Act Conditions who have been denied combat-related status under 26 U.S.C. § 104 exceeds the number necessary for class certification; and

    f.    PEB decisions are not publicly available, and as a result, only the Defendant knows the exact number of class members.

6.    The requirement of Fed. R. Civ. P. 23(a)(2) is satisfied because there are questions of law and fact common to the Class. Common questions include, but are not limited, to:

    a.    Whether burn pits are IOWs as defined by Department of Defense Instruction 1332.18; and

    b.    Whether it is arbitrary and capricious for the Army to consider burn pits to be IOWs when it relates to Combat-related Special Compensation determinations, but not to consider burn pits to be IOWs for combat-related findings in the PEB process.

7.    Defendant acted in a similar manner toward all Class members by denying each the combat-related finding for their PACT Act Condition in the final medical retirement decision.

8.    The requirements of Fed. R. Civ. P. 23(a)(3) and (4) are met because the Plaintiffs' claims are typical of the claims of the Class, and Plaintiffs will fairly and adequately protect the interests of the Class. Both Plaintiffs are committed to pursuing this lawsuit and will do what is required to act in the best interests of the class.

9.    The retained attorneys, being competent and experienced in class actions and Veterans' matters, will also fairly and adequately protect the interests of the Class.

10.    The requirements of Fed. R. Civ. P. 23(b)(2) are met because the Defendant has acted on grounds that apply generally to the Class, meaning that final injunctive and declaratory

relief is appropriate respecting the Class as a whole. The Defendant has stated that its decision is "according to current policies and regulations" pursuant to which "burn pits do not rise to the level of being an IOW." The current policies and regulations apply to all members of the Class, thus satisfying the requirements of Rule 23(b)(2). Permitting Plaintiffs to maintain this action on behalf of the proposed Class will bring the appropriate injunctive and declaratory relief for the Class as a whole.

11.    Plaintiffs are also filing, contemporaneously with this Motion, a Memorandum in Support of this Motion for Class Certification, which will demonstrate in greater detail the grounds for class certification.

WHEREFORE, Plaintiffs respectfully requests that this Court enter an Order certifying this case as a class action for the class of persons described above.

Dated: November 14, 2024                    Respectfully submitted,

/s/ Emily Wexler

Elizabeth M. Chiarello, IL Bar No. 6285915
Emily M. Wexler, IL Bar No. 6270284
Mark C. Priebe, IL Bar No. 6336588
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
echiarello@sidley.com
ewexler@sidley.com
mpriebe@sidley.com

Daniel J. Hay, D.C. Bar. No. 1047969
C.K. Kevin Park, D.C. Bar No. 1644103
Susan K. Whaley, D.C. Bar No. 90018472
Sidley Austin LLP
1501 K Street, N.W.
Washington, DC 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8711
dhay@sidley.com
ck.park@sidley.com
susan.whaley@sidley.com

Rochelle Bobroff, DC Bar No. 420892
Esther Leibfarth, DC Bar No. 10164515
NATIONAL VETERANS LEGAL SERVICES PROGRAM
1100 Wilson Boulevard
Arlington, VA 22209
Telephone: (202) 621-5709
Facsimile: (202) 223-9199
rochelle@nvlsp.org
esther@nvlsp.org